# Weakly *against* Royer.

Watts.
3w 460
200  155

*Quære?* Whether, in an action of trespass against two or more defendants, the jury may find a several amount of damages against each; and upon such finding, whether a judgment may be rendered against each?

After a plaintiff in trespass or trover against two or more defendants, has been permitted, without objection, to give evidence showing that they had severally committed two or more trespasses or conversions, the jury may give a verdict finding them guilty severally, and assessing the damages severally; after which the plaintiff has a right to make his election, and say for which of the sums assessed he will take judgment, against whomsoever of the defendants it may be found, if he will, at the same time, enter a *nolle prosequi* against all the other defendants.

ERROR to the common pleas of *Cumberland* county.

The facts of this case, upon which the judgment of the court was

[Weakly v. Royer.]

founded, are fully stated in the opinion of the court.　The cause was argued by

*Alexander* and *Williamson*, for plaintiff in error.

*Watts* and *Penrose*, for defendants in error, who cited, *Ham. on Parties* 85 ; 3 *Starkie* 1441 ; Guille *v.* Swan, 19 *Johns. Rep.* 381 ; Sedley *v.* Sutherland, 3 *Esp. Ca.* 202 ; White *v.* M'Nealy, 1 *Bay* 11.

The opinion of the Court was delivered by

KENNEDY, J.—This was an action of trespass brought by Weakly, the plaintiff in error, against John Royer, Benjamin Royer and Emanuel Royer for beating and killing a colt, the property of the plaintiff.　On the trial of the cause, the plaintiff produced witnesses who testified that John and Benjamin beat and abused the colt on Friday of a certain week before the commencement of the suit, and that Emanuel beat and abused it on the Saturday following.　The defendants were brothers, and lived together as members of their father's family ; but it did not appear from the evidence that there was any concert between them for the purpose of beating the colt. It was merely testified by the witnesses that John and Benjamin beat the colt on Friday without the presence of Emanuel, or any direction from or participation by him therein, that they knew of ; and that Emanuel, without the presence of John and Benjamin, or either of them, or any direction from them or either of them that the witnesses knew of, beat the colt on Saturday ; and that the colt died some time afterwards with apparent marks of violence upon it.

The court, after the evidence was closed, instructed the jury, among other things, that "from the injury of Friday it [the colt] may have been more easily killed on Saturday.　This would not excuse Emanuel if he inflicted the further injury that occasioned its death.　But it would not render John and Benjamin liable, if the fatal injury was not committed by them, though they might have done some injury to the colt on Friday."

In this instruction the plaintiff alleges that the court erred.　It has been argued, and strongly urged by the counsel for the plaintiff, that the court ought to have instructed the jury, that if they believed from the evidence given, that the death of the colt was occasioned partly by the beating of Friday and partly by that of Saturday, it was their duty to find a verdict for the plaintiff against all the defendants jointly, giving him damages at least equal in amount to the value of the colt ; or in case they should be of opinion that the death of the colt was produced either by the beating of Friday, or by that of Saturday, but could not determine which, that it would be proper for them to give a like verdict in favour of the plaintiff.　If it had appeared from any part of the evidence that Emanuel had been accessary in any way to the beating of the colt by John and Benjamin on Friday, or that John and Benjamin had been accessary to

the beating of it by Emanuel on Saturday, such instructions as the plaintiff's counsel contend for would doubtless have been right enough; but in the absence of such evidence, I am inclined to think that the court would have erred if they had so directed the jury. In that part of the charge of the court to the jury which is complained of, the court, in speaking of the acts of John and Benjamin committed on Friday, and those of Emanuel committed by him on Saturday, must be understood to view them as having no connexion with each other by concert or otherwise; and hence, if John and Benjamin killed the colt, Emanuel could not be made jointly responsible with them to the plaintiff for the loss of it; or if it was killed by the act of Emanuel alone, done on Saturday, John and Benjamin could not be made jointly answerable in damages to the plaintiff for the killing of it. That the court must be understood as giving this direction to the jury, provided they should be of opinion, from the evidence, that there was no participation on the part of Emanuel with John and Benjamin in the transactions of Friday; and again, no participation on the part of John and Benjamin with Emanuel in his conduct on Saturday: is made still more manifest from the sentence in the charge immediately preceding, in which the court say, that "if it [the colt] did not die of the injury committed on Friday, Benjamin and John are not guilty, if they in no way participated in the transactions of Saturday. So with regard to Emanuel, if it did not die of the wounds of Saturday." Thus plainly intimating to the jury, that if the defendants participated with each other in the acts of both or either of those days, so as to cause the death of the colt, they would be jointly and alike guilty and liable to make compensation to the plaintiff for the loss of the colt. Besides it is evident from the whole charge of the court throughout, that, as the evidence tended to show that John and Benjamin, without any connexion with Emanuel, had beaten the colt on Friday, and that Emanuel had again, without any connexion with John and Benjamin, beaten it on Saturday, and if the jury should be of this opinion, the court meant to tell them, that upon such ground they could not find the defendants *jointly* guilty and make them thus *jointly* liable to compensate the plaintiff for the loss of the colt, although they should be satisfied that the violence committed on it upon each of the days mentioned contributed to and caused its death.

Now if the killing of the colt had been the gist of the plaintiff's action, the charge of the court would have covered the whole case, and have given to the jury every thing necessary to be known in respect to the law on the subject to enable them to find a verdict in accordance with it. But the unlawful beating of the colt was the very gist of the action, and not the killing. The killing was introduced into the declaration as the effect of the beating, and to show the extent of the injury which the plaintiff sustained thereby. It is therefore only a circumstance which, if found by the jury to be true, required them to give proportionate damages. The beating of the

colt, therefore, though the real gist of the action, seems to have been lost sight of by the court in their charge to the jury throughout, for they set out by putting the questions to them, "Was the colt killed? If it was, by whom? These are questions of fact to be decided by the jury." And then the court proceed to notice the evidence relative to this part of the case. I am, however, far from being satisfied that this oversight of the court, in their charge to the jury, was not occasioned by the course of the argument taken by the counsel for the plaintiff, who most likely insisted there, as they have done here, that if the defendants by beating the colt caused its death, though done by them severally, on different days, even without concert, yet the court ought notwithstanding to instruct the jury that they were jointly liable to the plaintiff to pay to him such damages as would at least be sufficient to compensate him for the loss of the colt. And conceiving probably, if we may judge from the confidence with which they endeavoured to maintain the correctness of this proposition before us, that the court would so direct the jury, they never thought of calling the attention of the court to the true ground of the plaintiff's action. If the counsel for the plaintiff had requested the court, as they might, and perhaps ought to have done, to instruct the jury, that if they were satisfied from the evidence that John and Benjamin had beaten the colt on Friday, though such beating did not cause the death of the colt, yet they were guilty of the trespass of beating the colt alleged in the plaintiff's declaration, and ought therefore to be found guilty of the beating, and made to pay to the plaintiff such damages as the jury under all the circumstances proved might think right; and that in assessing the amount thereof, they were not restricted to a sum barely sufficient to redress the plaintiff for the actual damage sustained, but might give exemplary damages equal to the price, or double the price, of the colt: and more especially ought they to do so, if they believed the beating to have been done without any extenuating circumstance; and so in like manner ought Emanuel to be found guilty, and several damages to be assessed against him, if they should be of opinion that he had beaten the colt on Saturday. A question might then have been raised, after such several finding and assessing of damages by the jury against the defendants, whether the court could render judgments according to the finding of the jury. This is one perhaps not altogether settled. Hill *v.* Goodchild, 5 *Burr.* 2792. In Player *v.* Warn and Dews, *Cro. Car.* 54, which is recognized by Mr Justice *Buller* in his *Nisi Prius* 94, it was ruled that judgment might be given on such a verdict according to the finding of the jury. In Sir John Heydon's case, 11 *Co.* 5 b, it is said that "in trespass against two, if the jury find one guilty at one time, and the other at another time, then several damages may be taxed." *J. Brownl.* 233; *Jenk. Cent.* 269, *Ca.* 86. And Mr *Tidd* in his *Practice K. B.* 805, seems to have considered the law so settled. So in conformity to this principle, the supreme court of New York in Jackson ex dem. Haines and

[Weakly v: Royer.]

others *v.* Woods and others, 5 *Johns.* 278, where the jury, in ejectment against five defendants upon a joint plea of not guilty, found each of them severally guilty of having ejected the plaintiff from distinct and different portions of the demised premises, gave judgment accordingly. In Chapman *v.* House and others, 2 *Stran.* 1140, Chief Justice Lee, in trespass against three defendants for taking goods and false imprisonment, where they did not join in pleading, thought that the jury might sever the damages, and they accordingly gave one shilling against one of the defendants, 100 pounds against the second, and acquitted the third. So in Lane *v.* Santaloe, 1 *Stran.* 79, in an action on the case against two defendants for a malicious prosecution, the jury gave 200 pounds damages against one, and 20 pounds against the other, and Chief Justice Parker directed the verdict to be taken accordingly. But afterwards, in Lowfield *v.* Bancroft et al., 2 *Stran.* 910, Lord Raymond, Chief Justice, in a similar case, said it could not be done, and the jury accordingly gave a general verdict against both defendants for 100 pounds, instead of 800 pounds against one of them and 100 pounds against the other, as they had proposed doing.

Mr *Starkie*, in his *Treatise on Evidence*, part 4, page 1441, also lays it down, that " if, in an action against A and B, the plaintiff proceed for several trespasses, but cannot show that A and B were concerned in all of them, he must elect to proceed on those only which they committed jointly ; or if he choose to proceed in respect of any trespass committed by A alone, B will be entitled to a verdict of acquittal." For this he refers, in the margin, to a *nisi prius* decision of Lord Kenyon, in Sedley *v.* Sutherland, 3 *Esp. Ca.* 202, which seems to sustain him. So in Nicoll *v.* Glennie, 1 *M. & S.* 588, it was held that a plaintiff in trover could not recover against several defendants for several conversions of the same goods ; but, in order to fix all the defendants, he must prove a *joint* conversion by all, and if the evidence showed separate conversions, he must take his verdict against those defendants only who were parties to one conversion, and all the other defendants must be found not guilty. Doubtless many powerful reasons may be advanced in support of this latter doctrine ; and perhaps the better opinion is, that the plaintiff can have judgment but for one of the sums assessed as damages. I, therefore, do not intend to express any definitive opinion on the point ; but am decidedly of opinion that after a plaintiff, either in trespass or trover, against two or more defendants, has been permitted without objection to give evidence showing that they had severally committed two or more trespasses or conversions, that the jury, if they credit the evidence, may give, and unless the plaintiff by his election dispense with it, ought to give a verdict finding them guilty severally, and assessing the damages severally according to the evidence ; after which the plaintiff, although it may be that he cannot have judgment against them severally, according to the finding of the jury, yet has a right to make his election, and to say

[Weakly v. Royer.]

for which of the sums assessed as damages he will take judgment, against whomsoever of the defendants it may be found, if he will at the same time enter a *nolle prosequi* against all the other defendants. This course is fully sustained by Rodney *v.* Strode et al., *Carth.* 20; where in trespass against three defendants the jury found them all guilty jointly, but severed the damages, and the plaintiff entered a *nolle prosequi* as to two of the defendants, and took judgment against the third, according to the finding and assessment of the jury. This judgment being given in the king's bench, was affirmed on error in the exchequer chamber, and finally in the house of lords. The same principle is established in Walsh *v.* Bishop, *Cro. Car.* 239, 243, which was also affirmed on error, and laid down by *Tidd,* in his *Practice K. B.* 805.

Taking this view of the matters involved in this case, and conceiving that the jury, from the charge of the court, misapprehended the gist of the action, as well as the grounds upon which the plaintiff would have been entitled to recover damages, in case the jury from the evidence should be of the opinion that the defendants had either jointly or severally beaten the colt, I think there ought to be a new trial.

Judgment reversed, and a *venire de novo* awarded.