ALBANY,<br>October, 1835.<br>Dearborn<br>v.<br>Kent.

Judgment for defendant.

---

## DEARBORN *vs.* KENT & ROSE.

In a suit before a justice against *joint debtors*, a non-resident plaintiff is entitled to proceed by *warrant*, although one of the defendants is a non-resident of the county in which the process issues; and on one of the defendants being brought into court, the justice may render judgment against both.

When a defendant demurs to a *replication*, and the replication is adjudged good, he is not at liberty to attack the *declaration*. Where in such case the demurrer is sustained, and the plaintiff turns round and attacks the plea of the defendant, then the defendant may object to the declaration ; but otherwise not.

So, where a defendant has pleaded the general issue, he cannot on a demurrer to subsequent pleadings object to the sufficiency of the declaration.

THE plaintiff declared upon two judgments rendered in his favor against the defendants *by a justice of the county of Oneida*. It is stated in the declaration that the plaintiff, on the 20th April, 1824, " by the consideration and judgment of a certain court of the people of the state of New-York called a justice's

court holden by virtue of the statute in that behalf made and provided, before N. L., Esquire, at his office in the town of Rome, in the county of Oneida, then being one of the justices of the peace of the said people, in and for the said county of Oneida, recovered against the defendants $34,44, as well for his damages, &c. as for his costs, &c." and that the judgment still remains in full force, &c. The defendant *Kent* alone appears and pleads, 1. *Nil debet ;* 2. That no summons or process was served upon him to appear before the justice, or returned served as to him, that he did not appear either in person or by attorney, that he was not indebted to the plaintiff *jointly* with Rose, and that the justice did not acquire jurisdiction authorizing the rendition of a judgment against him ; and 3. That he, Kent, at the time of the rendition of the judgment, and for five years previous thereto, was a resident and an *actual inhabitant of the county of Lewis,* to wit, of the town of Leyden, and that the suits on which the judgments were rendered were commenced by *warrants,* which were served upon Rose, but not upon him ; that he, Kent, did not appear in person or by attorney before the justice, or authorize the judgments to be entered, and that he was not a *joint debtor* with Rose to the plaintiff. To the *second plea,* the plaintiff replied that Kent and Rose were *jointly indebted* to him ; that being himself a *non-resident* of Oneida, he applied to the justice for *warrants* against the defendants, and made due proof of the joint indebtedness of the defendants, of his own non-residence, and gave the security required by statute ; that warrants were issued against the defendants jointly, upon which *Rose* was arrested and brought before the justice, and as to *Kent* the warrants were returned *non est inventus ;* whereupon the justice proceeded and rendered judgments against the defendants jointly, and this, &c. To the *third plea,* the plaintiff put in a similar replication. The defendant demurred to the replications, and the plaintiff joined in demurrer.

*W. C. Noyes,* for the defendant, principally insisted that the justice had no authority to issue a *warrant* against a non-resident defendant, where the application for the process is by a non-resident plaintiff. He also insisted that the declaration

was defective in not stating the mode in which the justice obtained jurisdiction, and that he had jurisdiction.

ALBANY,
October, 1835.

Dearborn
v.
Kent.

*P. Gridley*, for the plaintiff.

*By the Court*, SAVAGE, Ch. J.   The demurrer being *general*, it is only necessary to inquire whether the replications are good in substance.   The point of defence in both special pleas is the want of jurisdiction in the justice, though the facts stated in them are somewhat different.   The first alleges the want of appearance, or service of process, and denies any *joint liability* with the defendant Rose.   The replication in answer to this plea does not aver the appearance of the defendant Kent; but it avers the *joint indebtedness* of the defendants Kent and Rose, the non-residence of the plaintiff, security given according to the statute, the issuing the warrants, the arrest of Rose and his appearance, and the return of *not found* as to the defendant Kent.   The demurrer admits these facts, and the question is whether upon this state of facts the justice had jurisdiction to authorize him to proceed and render judgment against both defendants.

The fifty dollar act of 12th April, 1824, was the law in force when the proceedings were had, and an examination of the 5th and 15th sections will show them to have been regular.   The 5th section declares when it is proper to proceed by warrant; it contains this clause : " And if the person applying for a warrant be a *non-resident*, and tender to any justice security for the payment of any sum which may be adjudged against him, he shall be entitled to have a warrant in his favor against *any person in the county* in which such justice may reside."   The 15th section authorizes the issuing of process against joint debtors in the same manner as against individual debtors; and in case of service upon either of the joint debtors, such joint debtor shall answer to the plaintiff, and judgment shall be entered against them all, in the same manner as if the process had been served upon all such debtors.   These provisions of the statute of 1824 seem to justify the proceedings of the justice.   Although it be true, as alleged

ALBANY,
October, 1835.

Dearborn
v.
Kent.

in the first special plea, that the defendant Kent never appeared before the justice in person or by attorney, nor was served with process of any kind, yet being a joint debtor with Rose, the service of process upon Rose which was issued against both as joint debtors, and the appearance of Rose gave the justice authority to proceed and enter a judgment against both. This replication is therefore good.

The second special plea contains the same allegations as the first, and some others. It states that the defendant Kent was an inhabitant of Leyden, in Lewis county, that the suits were commenced by warrant against him and Rose jointly, but served upon Rose alone, and that he and Rose were not joint debtors. To this the plaintiff replies, and asserts that the defendants Kent and Rose were joint debtors to him, the plaintiff; that he, the plaintiff, was a non-resident, and gave the security required by the statute; that warrants were issued, that Rose was arrested and brought before the justice, and that judgments were rendered against both. The only essential difference between the two pleas is the introduction in the last plea of the fact that the defendant Kent *did not reside within the jurisdiction* of the justice. This fact is not traversed in the replication, and is therefore conceded. The third section of the act of 1824 declares that the first process against freeholders and inhabitants having families shall be by summons to any constable of the county *where the defendant dwells*. The fifth section specifies several cases in which a warrant may issue: 1. When the defendant is about to depart from the county; or 2. Where the plaintiff will be in danger of losing his debt, unless the process be by warrant against the defendant, being a freeholder or inhabitant having a family. Thus far the statute seems to speak of inhabitants of the county; but in the next clause, which gives a warrant to a non-resident plaintiff, it is " *against any person in the county in which such justice may reside.*" It is not confined to freeholders or inhabitants having families, but may issue against *any person in the county*—that is, any person *then being in the county*, whether he dwells there or not. It was not necessary, therefore, that the defendants should be inhabitants of the county. Indeed the inference from the provisions of the stat-

ALBANY,
October, 1835.

Dearborn
v.
Kent.

ute is, that a warrant might be issued of course and without security, against all persons, whether residents or not, except freeholders and inhabitants having families. The revised statutes place this matter beyond doubt; they give a warrant in all cases where the defendant is a non-resident of the county. 2 *R. S.* 228, § 17, *sub.* 1. The act of 1824 was equally explicit: " But no person shall be proceeded against by summons out of the county in which he or she resides." Of course, a warrant must be the only process against a defendant out of the county in which he resides. Where was the residence of Rose does not appear, nor is it material; for if he was a non-resident, a warrant was the only process; if he was a freeholder, or an inhabitant having a family, or any inhabitant or any person in the county, a warrant was proper under the circumstances stated in the replication. The replications are therefore both good.

The defendant seeks to attack the declaration; but that he cannot do. The pleading demurred to being declared good, the demurrer was not well taken, and can be of no service to the defendant. If he thought the declaration bad, he might have demurred to it before he plead; not having done so, he cannot reach it by demurring to the replication. It was formerly the practice, and is now, to attack previous pleadings in certain cases; for example, had these replications been adjudged bad, it would have been competent for the plaintiff to have shown that the pleas were bad, and then the defendant might have shown the declaration bad; but the replications being adjudged good, the investigation stops there. The defendant in this case is estopped on another ground, upon the application of the rule that a party cannot both plead and demur to the same pleading. The defendant by pleading the general issue, is estopped from demurring directly, and cannot do it indirectly, 11 *Wendell*, 662; but if he could, it would not avail him. The general form of declaring adopted here, has been approved, 9 *Cowen*, 26, and in several recent cases. It is only in pleadings subsequent to the declaration that the utmost strictness is required.

Judgment for plaintiff.