THE AUBURN AND OWASCO CANAL CO. *vs.* LEITCH.

On the argument of a demurrer to a plea, or to a subsequent pleading, the defendant may raise the question as to the sufficiency, in substance, of the declaration, though a plea of the general issue be also interposed. The several *dicta* to the contrary overruled.

DEMURRER to a replication. The declaration was in assumpsit for the recovery of certain instalments due upon shares of the capital stock of the plaintiff's corporation, subscribed for by the defendant. Pleas, 1. *Non-assumpsit.* 2. *Nul tiel corporation.* Replication to the second plea, setting out the act incorporating the plaintiff, together with certain acts amending and continuing that act. The defendant demurred to the replication, and the plaintiff joined in demurrer.

*W. H. Seward,* for the defendant.

*B. D. Noxon,* for the plaintiff.

*By the Court,* BRONSON, C. J.    The defendant insists that the declaration is bad on general demurrer.    [The chief justice then examined the pleadings, and came to the conclusion that the declaration was substantially defective ; and then proceeded as follows :]    But it is said, that as the defendant pleaded *non assumpsit* as well as *nul tiel corporation,* he cannot upon this demurrer go back, and attack the declaration ; and several cases have been cited to sustain that position.    But it will be found on examination that the point has never been directly and necessarily adjudged.    The doctrine was first started in *Wheeler* v. *Curtis,* (11 *Wend.* 653,) and was there supposed to result from the well established rule, that the defendant can not both plead and demur to the same count.    It was said that the defendant should not be allowed to do indirectly, what he would have no right to do directly.    But the question whether the declaration was good or bad was not decided.    The cause went off upon other grounds ; and the point in question was not necessarily settled.    In *Dearborn* v. *Kent,* (14 *Wend.* 183,) the *dictum* in the first case was repeated ; but it was expressly held that the declaration was sufficient ; so that it was wholly unnecessary to inquire whether the defendant was at liberty to make the question or not.    *Russell* v. *Rogers,* (15 *Wend.* 351,) is the next case ; and there it was not decided whether the declaration was good or bad.    It was apparently good ; so that the point in question did not necessarily arise.    In *Miller* v. *Maxwell,* (16 *Wend.* 9,) this doctrine was mentioned for the last time ; and the same learned judge who first started it, went a great way towards knocking it on the head.    In that case the defendant pleaded the general issue, and two special pleas.    The plaintiff demurred to the special pleas, and they were adjudged bad ; but the defendant was allowed to go back and attack the declaration ; and judgment was given against the plaintiff for the insufficiency of that pleading.    Now, although the learned

judge who delivered the opinion of the court took a distinction between a defect in the declaration which would not be cured by a verdict, and one which could only be reached by a demurrer, the principle of that case is directly opposed to the *dicta* which had preceded it.

It is quite clear that the defendant cannot both plead and demur to the same count. And it is equally clear, that at the common law, he could not have two pleas to the same count. Indeed the two things, though stated in different words, are only parts of one common law rule ; to wit, that the defendant cannot make two answers to the same pleading. The statute of 4 and 5 Anne, c. 16, was made to remedy this inconvenience ; and it allowed the defendant, with the leave of the court, to plead as many several matters as he should think necessary for his defence. With us, leave of the court is no longer necessary. (2 *R. S.* 352, § 9.) The statute does not say that the defendant may both plead and demur ; and consequently he cannot make two such answers. But he may plead two or more pleas ; some of which may terminate in issues of fact, to be tried by a jury ; while others may result in issues of law, to be determined by the court. And whenever we come to a demurrer, whether it be to the plea, replication, rejoinder, or still further onward, the rule is to give judgment against the party who committed the first fault in pleading, if the fault be such as would make the pleading bad on general demurrer. This rule has always prevailed. It was the rule prior to the statute of Anne ; and to say that the defendant, because he pleads two pleas, one of which results in a demurrer, cannot go back and attack the declaration, would be to deprive him of a portion of the privilege which the legislature intended to confer. He cannot plead and demur at the same time, because the common law forbids it ; and the statute does not allow it. But he may plead two pleas ; and he takes the right with all its legitimate consequences ; one of which is, that whenever there comes a demurrer upon either of the two lines of pleading, he may run back upon that line to see which party committed the first fault ; and against that party judgment will be rendered. Aside from

the *dicta* in question, there is not a shadow of authority, either here or in England, for a different doctrine.

Although it seems that no case upon this point has found its way into the books, I well remember that since the decision in *Miller* v. *Maxwell*, (16 *Wend.* 9,) it has been several times announced from the bench, that in a case like this the defendant was at liberty to go back and attack the declaration; and I think the point has been more than once directly decided. I know that the late Mr. Justice Cowen entertained and expressed that opinion, as I did myself; and it is also the opinion of my present associates. I would not lightly overrule so much as a mere *dictum*, if it was of the nature of a rule of property, and had stood long enough to become one. But this is not a question of that kind.

Judgment for the defendant.