M. K. WALSH *vs.* MARY E. TAYLOR.

*What does not constitute a Trespass—Instruction.*

The plaintiff purchased of the defendant certain articles of furniture, and paid part of the price at the time, and agreed to pay the balance in weekly instalments of one dollar. By a written contract entered into at the time, and signed by both parties, and admitted in evidence without objection, it was agreed that if before full payment, the plaintiff should part with the possession of the goods, or if there should be default in the payment of any one of the weekly instalments, for three successive weeks, the defendant should have the right to reclaim and take possession of the goods wherever the same might be found, it being understood that the sale was conditional only, and that for the retaking possession, the defendant or his agent should not be subject to any proceeding criminal or civil; and it was further agreed that all payments of instalments should be regarded as forfeited upon default by the plaintiff in making the weekly payments. Upon default made by the plaintiff in complying with the contract, the defendant called with three of his agents at the house of the plaintiff, and according to the evidence on the part of the plaintiff, demanded payment of the money due or a return of the furniture; and the plaintiff being unable to pay the money, and refusing to deliver up the furniture on the defendant's demand, the latter called in one of his men to take the furniture away, and proceeded up stairs in search of it, and entered the rooms and examined the furniture therein against the remonstrance of the plaintiff. The plaintiff herself testified that her servant opened the front door, on the ringing of the bell, and the defendant entered the house, and then told her, the plaintiff, that he had come to take away the furniture, and she proposed to deliver up one of the

articles in payment of the balance due, but that the defendant refused to accede to her proposition. It was proved on the part of the defendant that upon being told by the plaintiff, that she was unable to pay the balance due, and it being proposed that he should take back one of the articles purchased and thus settle the matter, he acceded to the proposition, and thereupon called in one of his agents to assist in removing the article, and proceeded up stairs to get it, where, as he was informed by the plaintiff, it was to be found; that he did not find it and left the house without it. The plaintiff sued the defendant in trespass for breaking and entering her dwelling house and making a noise and disturbance therein &c. The defendant pleaded that he did not commit the wrongs alleged. At the instance of the plaintiff the Court instructed the jury that if they believed that the defendant entered on the premises of the plaintiff against her consent, or having entered into the hall or passage of her house, *without* her knowledge, afterwards, and against her consent, went into the rooms, &c. of her house, and inspected and handled the furniture therein, *the said entrance was a trespass ab initio,* and the plaintiff was entitled to damages &c. On appeal by the defendant, it was HELD:

That the Court below erred in instructing the jury upon the evidence, that the entrance into the dwelling house of the plaintiff by the defendant was *a trespass ab initio.* The contract signed by the parties, gave the defendant a license coupled with an interest; and as such the plaintiff could not withdraw from it, and hold the defendant as a trespasser for doing what she had agreed he might do with impunity.

The defendant having authority to enter the house of the plaintiff, for the purpose of retaking his goods, had authority to take such agents or assistants with him, as were necessary to accomplish the act authorized to be done.

Where the Court is called upon by the plaintiff to instruct the jury as to the right to recover upon an assumed state of facts; if the proof of the defendant would clearly establish any proposition or right inconsistent with the theory of the instruction asked by the plaintiff, based upon his own evidence, such instruction should not be granted, because it must assume, or admit the truth of all the defendant's proof on the subject.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*Exception.*—The plaintiff offered two prayers, which the Court (DOBBIN, J.) granted ; the first is set out in the opinion of this Court, the second is as follows :

If the jury find from the evidence that the defendant came unlawfully into the premises of the plaintiff, and then and there conducted himself in a violent and angry manner, using abusive and insulting language to the plaintiff, and putting her and her family into bodily fright and alarm, their verdict should be for the plaintiff, and they may find punitive and exemplary damages, and in such an amount as they shall think will redress the wrongs suffered by the plaintiff, and punish the defendant for the wrongs and injuries of which they may think he is guilty.

The defendant offered four prayers, the second, third and fourth of which the Court granted, the first as follows, it rejected :

That unless the jury believe from the evidence that the defendant entered the dwelling house of the plaintiff, No. 68 Sharp street, forcibly and against her will, she is not entitled to recover in this action on the first and third counts in her declaration ; and further, that there is no evidence that the defendant entered said dwelling house with force and arms.

To the ruling of the Court in granting the plaintiff's prayers, and rejecting the first prayer of the defendant, he excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*Reverdy Johnson,* for the appellant.

*Allan B. Magruder,* for the appellee,

Relied in support of the plaintiff's first prayer on 2 *Saunders on Pl. & Ev.,* 854 ; 9 *Bacon's Abridg.,* 449, 450,

*B. ; The Six Carpenters' Case,* 8 *Coke,* 146 ; 1 *Smith's Leading Cases,* 259.

The plaintiff's second prayer is supported by *Young vs. Mertons,* 27 *Md ,* 128 ; *Zimmerman vs. Helser,* 32 *Md.,* 277, 278.

ALVEY, J., delivered the opinion of the Court.

This was an action of trespass by the appellee against the appellant, for breaking and entering the dwelling house of the plaintiff, and making a noise and disturbance therein, and depriving the plaintiff of the use thereof, &c., and to which the defendant pleaded that he did not commit the wrongs alleged.

At the trial below, it was proved, on the part of the plaintiff, that she was keeping a boarding-house, and that she purchased of the defendant certain articles of furniture, and paid part of the price at the time, and agreed to pay the balance in weekly instalments of one dollar. That after the entire balance of the purchase money had fallen due, the defendant, having three men with him, entered the plaintiff's house, and demanded payment of the money due, or a return of the furniture, and the plaintiff being unable to pay the money, and refusing to deliver up the furniture on the defendant's demand, the latter called in one of his men to take the furniture away, and proceeded up stairs in search of it, and entered the rooms and examined the furniture therein, against the remonstrance of the plaintiff. That the defendant and those with him, remained on the premises twenty-five or thirty minutes, against the consent of the plaintiff, and while there the defendant indulged in loud and abusive language ; and that he entered the room of the plaintiff's daughter with such violence as to terrify her. The plaintiff herself stated that her servant opened the front door on the ringing of the bell, when the defendant entered the house, and that he then told her, the plaintiff,

that he had come to take away the furniture, and she **proposed** to deliver up one of the articles in payment of the balance due, but that the defendant refused to accede to her proposition.

After this evidence on the part of the plaintiff, the defendant then offered in evidence the written contract, signed by both parties, whereby the articles of furniture were sold, and by such contract it was stipulated and agreed, that the balance of the purchase money for the furniture should be paid in weekly instalments of one dollar, until the whole amount was paid, and that if, before full payment, the plaintiff should part with the possession of the goods, or if there should be default in the payment of any one of the weekly instalments, for three successive weeks, the defendant should have the right to reclaim and take possession of the goods, *wherever the same might be found,* it being understood that the sale was conditional only, and that, for the retaking possession, the defendant or his agent, should not be subject to any proceeding, criminal or civil. And it was further agreed that all payments of instalments should be regarded as forfeited, upon default by the plaintiff in making the weekly payments, as provided by the contract.

It was also proved, on the part of the defendant, that after default made by the plaintiff in complying with the contract, he, with three of his agents, called at the house of the plaintiff in regard to the furniture, and upon being told by the plaintiff that she was unable to pay the balance due, it was proposed that he should take back one of the articles purchased, and thus settle the matter ; that this proposition was acceded to by him, and he thereupon called in one of his agents to assist in removing the article, and proceeded up stairs to get it, where, as as he was informed by the plaintiff, it was to be found ; though he did not find it, and left the house without it.

Upon the evidence the plaintiff prayed for and obtained two instructions to the jury. The first was that if the jury believed from the evidence that the defendant entered on the premises of the plaintiff against her consent, or, having entered into the hall or passage of her house without her knowledge, afterwards, and against her consent, went into the rooms, chambers, or interior passages of her house, and inspected and handled the furniture therein, *the said entrance was a trespass ab initio*, and the jury could assess such damages for the trespass and injury to the property and personal rights and feelings of the plaintiff, as they might deem a just compensation for the wrong and injury sustained.

In granting this instruction we think the court below fell into error.

There was no plea of leave and license interposed by the defendant; but the contract, signed by the plaintiff, and about which there was no dispute, was admitted in evidence without objection. The instruction, as is perceived, makes no reference whatever to the pleadings in the cause. There was, therefore, no question raised by the instruction *as to the pleadings, or the issues formed thereby;* it having been repeatedly decided by this Court that, on such an instruction, the only question presented is, whether the law be properly announced with reference to the facts of the case *as they may be found by the jury.* *Stockton vs. Frey,* 4 *Gill,* 406. And where the Court, as in this case, is called upon by the plaintiff to instruct the jury, as to the right to recover upon an assumed state of facts, if the proof of the defendant would clearly establish any proposition or right *inconsistent* with the theory of the instruction asked by the plaintiff, based upon his own evidence, such instruction should not be granted, because it must assume or admit the truth of all the defendant's proof on the subject. *McTavish vs. Carroll,* 7 *Md.,* 352; *Coates & Glenn vs. Sangston,* 5 *Md.,* 121.

Now the instruction under consideration makes no reference whatever to the agreement in evidence, whereby the defendant was fully authorized to take the goods whereever found, in the event of default of payment by the plaintiff: and that she had made default was abundantly established by her own evidence. All the rights and authority of the defendant under the contract, were left out of view, by this instruction. The contract, the construction of which was for the Court, plainly gave the defendant an irrevocable license, or rather, a license coupled with an interest; and, as such, the plaintiff could not withdraw from it, and hold the defendant as a trespasser for doing what she had agreed he might do with impunity. The prayer states no act to have been done by the defendant that may not have been fully authorized by the agreement, in order to regain possession of the goods. Where, for instance, one sells personal chattels on his own premises, and before a reasonable time to remove them, he forbids the purchaser to enter and take them, it has been held to be a license which he could not revoke within such reasonable time. *Nettleton vs. Sikes*, 8 *Metc.*, 34 ; *White vs. Elwell*, 48 *Me.*, 360. So here, having reference to the agreement, it could with no propriety be said that the simple entry into the house, even without the consent of the plaintiff, if no violence attended the act, constituted a trespass *ab initio*. And the defendant having authority to enter the house for the purpose of retaking his goods, had authority to take such agents or assistants with him, as were necessary to accomplish the act authorized to be done. This was expressly decided in the case of *Dennett vs. Grover, Wills Rep.*, 195.

In the case of *Wood vs. Manley*, 11 *Adol. & Ell.*, 34, goods which were upon the plaintiff's land were sold to the defendant, and by the condition of sale, to which the plaintiff was a party, the buyer was to be allowed to

enter and take the goods; and in an action of trespass against the defendant for entering the plaintiff's premises to take the goods purchased by him, it was held, 1. That, after the sale, the plaintiff could not countermand the license; and, 2. That the defendant was entitled to the verdict, though it appeared that the plaintiff had, between the sale and the entry, locked the gates and forbidden the defendant to enter, and the defendant had broken down the gates and entered to take the goods. In that case Lord DENMAN, Ch. J., said: "Mr. Crowder's argument goes this length;—that, if I sell goods to a party who is, by the terms of the sale, to be permitted to come and take them, and he pays me, I may afterwards refuse to let him take them. The law countenances nothing so absurd as this: a license thus given and acted upon is irrevocable." And of that opinion were all the Judges. The same principle has been fully adopted by this Court in the case of *Long vs. Buchanan*, 27 *Md.*, 502.

There is no doubt of the general principle, that where a person has a special privilege or authority to enter upon the premises of another to seize goods, or do other acts, and he exceeds his authority, by doing what he was not authorized or justified in doing, he becomes a trespasser *ab initio*. All his subsequent acts are trespasses, and he is in the same position as if he was a perfect stranger, acting without any color of excuse or justification. *Add. on Torts*, 255. But the acts enumerated in the first instruction, given at the instance of the plaintiff, are not stated to have been done with any violence, or with any degree of force, except as that may be implied from the fact that they were done against the consent of the plaintiff. The defendant entered the house for the purpose of receiving pay, or retaking the articles of furniture, which he had a right to do under the contract; the entry not being at an unreasonable hour, or in any un-

usual way. The defendant had the right to take the articles wherever found, and from their character they would most likely be found in some of the chambers of the house. It is, therefore, plain, we think, that this instruction, in the terms given, was inconsistent with the right and authority of the defendant, under the contract, and consequently calculated to mislead the jury.

As to the plaintiff's second prayer, which was granted, and the defendant's first prayer, which was refused, all that is necessary to be said in regard to them is, that we discover no error in the rulings thereon that would justify a reversal. But as we think there was error in granting the plaintiff's first prayer, for the reason stated, the judgment below will be reversed, and a new trial awarded.

*Judgment reversed, and*
*. new trial awarded.*

(Decided 3rd March, 1874.)