## GUSDORFF & JOSEPH *vs.* LILLIAN DUNCAN.

*Trespass Quare Clausum Fregit—Declaration Must Aver Location of the Premises- ·Demurrer Mounts to First Error in Pleading—Tort Feasors Liable Severally—Dismissal of Suit as to One—Damages in Trespass q. c. f.—Instructions to the Jury—Writ of Replevin Not a Justification for Trespass.*

Trespass *q. c. f.* is a local action and the declaration must distinctly aver that the premises are situated within the jurisdiction of the Court in which the suit is instituted.

Upon demurrer to a plea, it is the duty of the Court to inspect the whole record and to give judgment against the party committing the first substantial error in pleading.

The plaintiff in an action of trespass against several defendants is entitled to dismiss the suit against one defendant without impairing his right to proceed against the others, since tort feasors are severally as well as jointly liable.

When the declaration in an action of trespass *q. c. f.* makes but a single allegation of trespass, the plaintiff may recover for several unlawful entries upon the premises made on the same day for the same general purpose.

A writ of replevin does not authorize the officer executing it to enter the house of a stranger in which the goods for which the writ was issued, are not located, and if he remains in such house when directed by its occupant to leave, he will be a trespasser and the writ will afford him no protection.

In an action of trespass where the declaration merely alleges that the defendants forcibly entered the premises of the plaintiff, it is error to instruct the jury that if they find for the plaintiff they may award such damages for the injury to the property and the personal rights and feelings of the plaintiff, as they may think a just compensation for the injury, because, under the pleadings, no damages are claimed for injury to the plaintiff.

In an action of trespass, one of plaintiff's prayers instructed the jury that if the defendants' agents were unlawfully in the dwelling-house of the plaintiff and there conducted themselves in a violent and ·angry manner, using abusive and insulting language and putting the plaintiff in bodily fright and alarm, then the jury may award such punitive damages as they may think proper to punish such conduct and deter the defendants and others from like conduct in the future. *Held*, that this. prayer was correct in authorizing the jury to award punitive damages,

if the defendants' agents conducted themselves in the manner mentioned, but it was defective in leaving it to the jury to determine whether their presence in the plaintiff's dwelling was unlawful, without giving any instruction as to what facts would constitute an unlawful presence there.

Defendants, claiming to be entitled under a contract to the possession of certain furniture which they had bailed to one J. C., obtained a writ of replevin for the same and with a constable entered the house occupied by the plaintiff to take the furniture. In an action to recover damages for the unlawful entry, there was no evidence in the case to show that the bailee of the furniture resided in the plaintiff's house or that the furniture in question had ever been there. Plaintiff's evidence showed that the defendants' agents used violence when their efforts to search the house were resisted. The defendants offered prayers instructing the jury that the plaintiff is not entitled to recover if the defendants honestly believed that the furniture was in the house and entered the same peaceably and without force for the purpose of ascertaining if it was there, and that the writ was duly and properly executed, and that no damage was done to the premises. *Held*,

1st. That these prayers were properly refused because they do not require the jury to find either that the bailee of the furniture resided in the plaintiff's house at the time of the trespass, or that the furniture or some of it was then in the house, or that the entry was made with the permission of the plaintiff; and also because the prayers leave it to the jury to find whether the writ was duly executed without informing them what would constitute a due execution thereof.

2nd. That if the defendants' agents first entered plaintiff's house with her permission and then forcibly or against her protest, went up-stairs through the rooms of the house, such conduct would make them trespassers *ab initio*.

Appeal from the Superior Court of Baltimore City (HARLAN, C. J.), where there was a judgment on verdict for the plaintiff for $500.

The amended third plea was that "the defendants entered upon the premises of the plaintiff under a lawful writ of replevin issued on or about the 29th day of October, 1898, at the suit of the said Gusdorff & Joseph against a certain Jennie Cook, before William H..Cox, Esq., a Justice of the Peace of the State of Maryland, in and for the city of Baltimore, which writ of replevin was directed to E. E. Dougherty, one of the constables of the city of Baltimore; that said writ of replevin was duly, properly and lawfully executed by said

constable ; that said Jennie Cook, the defendant mentioned in said writ of replevin, was an inmate in the house of said Lillian Duncan, and resided therein; that the defendants were in quest of the goods and chattels mentioned in said writ which they believed had been removed to the premises of the plaintiff where the said Jennie Cook, the defendant in said writ of replevin, resided ; that the defendants entered said premises peaceably under said writ of replevin and without force ; and said writ of replevin was in all respects duly, lawfully and properly executed."

*Plaintiff's 1st Prayer.*—If the jury find from the evidence that the defendants, their agents or employees, acting in the course of their employment, for the purpose of obtaining possession of a lot of furniture described in the contract between the defendants and Jennie Cook, mentioned in the evidence, the right of possession of which was claimed by the defendants ; did, without the expressed or implied consent of the plaintiff enter, or against her protest remain within the dwelling-house of the plaintiff in quest of said furniture and go into the rooms, chambers or passages of her house and inspect or handle the furniture therein, then their verdict must be for the plaintiff unless they further find that the said Jennie Cook was then a resident and occupant of the dwelling-house of the plaintiff; and that they award such damages for the wrong and injury of the property and personal rights and feelings of the plaintiff as they may think a just compensation for the wrong and injury sustained.　(*Granted.*)

*Plaintiff's 2nd Prayer.*—If the jury find from the evidence that the defendants or their agents or employees, acting in the course of their employment, were unlawfully in the dwelling-house of the plaintiff and then and there conducted themselves in a violent and angry manner, using abusive and insulting language to the plaintiff and putting her in bodily fright and alarm, then their verdict should be for the plaintiff, and they may award such punitive and exemplary damages as they may think proper to punish such conduct and deter the defendants and others from like conduct in the future. (*Granted.*)

*Plaintiff's 3rd Prayer.*—That the writ of replevin mentioned in the evidence can furnish no legal justification to the defendants for any entry within the dwelling-house of the plaintiff by their agent or agents acting in the course of their employment; even if they further find that the said agent or agents entered also under the direction of Emanuel E. Dougherty, constable. (*Granted.*)

*Plaintiff's 4th Prayer.*—That the leave and license granted by Jennie Cook mentioned in the evidence to the defendants can furnish no legal justification to any of the defendants in this case unless they find from the evidence that the said Jennie Cook was an occupant or resident in the dwelling-house of the plaintiff. (*Granted.*)

*Plaintiff's 6th Prayer.*—If the jury find from the evidence that the defendants or their agents or employees acting in the course of their employment caused to be inserted in the writ of replevin mentioned in evidence the street and number of the dwelling-house of the plaintiff as the place where the goods sought to be replevied were to be found and that Emanuel E. Dougherty, the constable named in the said writ entered the said house pursuant therto or directed the said Dougherty to enter the said house and that the said Dougherty did so pursuant thereto; then the said Emanuel E. Dougherty was the agent of the defendants. (*Granted.*)

*Defendants' 1st Prayer.*—If the jury find from the evidence that a certain Jennie Cook entered into an agreement about the 30th day of August, 1897, with the defendants, Gusdorff & Joseph, under which the said defendants agreed to hire goods and merchandise to said Jennie Cook upon the payment of a certain sum in cash and a certain sum weekly, and that under said agreement the said Jennie Cook authorized the said defendants upon her failure to make said payments to enter any premises occupied by her for the purpose of retaking said goods; and that the said Jennie Cook did fail to make said weekly payments; and that the plaintiff conducted a bawdy house upon the premises mentioned in the declaration at the time of the alleged trespass; and that at that time the

said Jennie Cook visited said house; and that the goods and merchandise aforesaid or a portion thereof were upon the premises mentioned in the declaration at the time of the entry of the defendants thereon; and that said Jennie Cook was in default in her payments at that time; and that the defendants entered said premises peaceably and quietly and conducted themselves while thereon in an orderly manner and did no damage to the property of the plaintiff; then their verdict must be for the defendants under the pleadings in this case. (*Refused.*)

*Defendants' 2nd Prayer.*—If the jury find that a certain Jennie Cook executed the agreement bearing date the 30th day of August, 1897, offered in evidence; and that the said Jennie Cook failed to make the payments stipulated in said agreement, and that the plaintiff conducted a bawdy house upon the premises mentioned in the declaration at the time of the alleged trespass and that at that time the said Jennie Cook visited said house; and that the goods and merchandise aforesaid or a portion thereof were upon the premises mentioned in the declaration at the time of the entry of the defendants thereon; and that the defendants while upon said premises of the plaintiff acted in all respects in a peaceable and orderly manner, and only examined the premises of the plaintiff to ascertain if the property of the defendants mentioned in said agreement was upon the said premises of the plaintiff, and that the defendants did no damage to the property of the plaintiff then their verdict must be for the defendants. (*Refused.*)

*Defendants' 3rd Prayer.*—If the jury find from the evidence that the defendants, Gusdorff & Joseph, caused a writ of replevin to be issued against a certain Jennie Cook for the recovery of certain goods and merchandise belonging to the defendants, Gusdorff & Joseph; and that in pursuance of said writ the constable went upon the premises of the plaintiff because he and the defendants, Gusdorff & Joseph, believed that the goods and merchandise described in said writ of replevin were upon the premises of the plaintiff and that the said constable entered the premises of the plaintiff peaceably and

.quietly and not by force; and that the constable to whom said writ was directed requested the defendants or their agents to accompany him and ascertain and identify said furniture when he went upon the premises of the plaintiff and that the said writ of replevin was duly and properly executed; and that no damage was done to the premises of the plaintiff then under the pleadings in this case their verdict must be for the defendants, Gusdorff & Joseph. (*Refused.*)

*Defendants' 4th Prayer.*—If the jury find from the evidence that the defendants, Gusdorff & Joseph, caused a writ of replevin to be issued against a certain Jennie Cook for the recovery of certain property belonging to the defendants, Gusdorff & Joseph, and they find that the said defendants or their agents entered the premises of the plaintiff peaceably under said replevin and not by force; and that no damage was done to the premises of the plaintiff and that said writ of replevin was duly and properly executed by the constable who served the same and to whom said writ of replevin was directed, then under the pleadings in this case their verdict must be for the defendants, Gusdorff & Joseph. (*Refused.*)

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, PEARCE, SCHMUCKER and JONES, JJ.

*Hugo Steiner* and *Lewis Putzel*, for the appellants.

*Robert H. Carr, Jr.*, for the appellees.

SCHMUCKER, J., delivered the opinion of the Court.

The appellee as plaintiff below brought an action of trespass *quare clausum fregit* against the appellants and one Emanuel E. Dougherty in the Baltimore City Court. The declaration which appears in the record, contains but one count. It avers that on the date mentioned "the defendants, their agents, employees or servants forcibly entered the premises 518 West German street, occupied and possessed by the said plaintiff, to the great loss, injury and damage of the said

plaintiff. And the said plaintiff claims $5,000.00 therefor."
The plaintiff afterwards dismissed the suit as to the defendant
Dougherty.

The appellants as defendants filed three pleas to the decla-
ration. The first was the general issue. The second averred
by way of justification that they had entered the plaintiff's
premises under a license from one Jennie Cook, who resided
therein, and was duly authorized to grant the license. The
third plea was also by way of justification and set up a writ
of replevin against Jennie Cook as authority for the entry.

The appellee as plaintiff joined issue on the first plea, and
replied to the second that Jennie Cook did not reside in the
premises entered upon and had no authority to grant a license
for the entry. She demurred to the third plea.

The demurrer was sustained by the Court whereupon the
appellants with leave of the Court amended their third plea.
The plaintiff then demurred to the amended plea and the Court
overruled that demurrer. The third plea in its amended form
was a good one, but it was the duty of the Court under the
established rule in considering the demurrer to inspect the
whole record and mounting up to the first fault to render
judgment against the party committing the first substantial
error in his pleading. *Osceola Tribe* v. *Schmidt,* 57 Md. 107;
*Eakle* v. *Smith,* 27 Md. 480.

An inspection of the record discloses a material error in
the declaration in that it fails entirely to state the location of
the premises upon which the trespass is alleged to have been
made. Trespass *q. c. f.* is distinctly a local action and the
declaration is required by specific averments to show that the
property in dispute is within the jurisdiction of the Court.
*Poe's Pleadings,* sec. 728. No lengthy or detailed description
of the premises was necessary, but the fact that they were
located in Baltimore City was jurisdictional and should have
been distinctly averred in the declaration. *Gladfelter* v. *Walker,*
40 Md. 11. It is true that the plaintiff describes herself as
of Baltimore City in the *narr.* and alleges that the premises
to which the alleged trespass occurred were "occupied and

possessed" by her, but that does not supply the want of the direct averment, as to the location of the premises, required by the settled rules of pleading.

At the trial of the case there was evidence tending to show that the agents of the defendants had twice upon the same day entered the house No. 518 West German street in Baltimore City in which the appellee then resided and kept a lodging or furnished-room house, without her permission and had refused to leave it when ordered by her to do so, and had against her protest gone through portions of the house alleging that they were in search of certain furniture which they said was in the custody of one Jennie Cook. On their second visit to the house they were accompanied by Dougherty, who was a constable, and had with him a writ of replevin against Jennie Cook for certain articles of furniture. There was no evidence tending to show either that Jennie Cook resided in the house or that the furniture sought for had ever been there. The evidence also tended to show that the defendants' agents used great rudeness and some violence to the appellee when she resisted their efforts to force themselves through her house.

The verdict and judgment were for the plaintiff and the defendants appealed.

The record contains two bills of exception. The first brings up for our review the refusal of the learned Judge below to direct the jury upon the application of the appellants, made at the trial before him, to render a verdict in their favor because the plaintiff had dismissed the suit as to their co-defendant Dougherty. There was no error in this ruling. A trespass is at law regarded as the joint and several act of those committing it and the injured person has his remedy against all or any of them, and if he has sued them all he may dismiss his suit as to any one or more of them and proceed against the others. *Poe on Pleading*, sec. 527; *Hendrickson* v. *Herbert*, 38 N. J. L. 298; *Weakly* v. *Royer*, 3 Watts, 460; *United States* v. *Linn*, 1 How. 107.

The second exception is taken to the Court's rulings on the prayers. The plaintiff offered six prayers and the Court

granted all of them except the fifth which it rejected. The defendants offered twelve prayers all of which were rejected.

The plaintiff's first prayer was erroneous in the direction contained in it as to the measure of damages. It instructed the jury that if they found for the plaintiff they might "award such damages for the wrong and injury of the property and personal rights and feelings of the plaintiff as they might think a just compensation for the wrong and injury sustained." No personal trespass was laid in the declaration which contained only the one brief count already mentioned for a trespass *q. c. f.*, nor were any damages claimed therein for any injuries to the person of the plaintiff. Under that state of the pleadings she was entitled upon the finding of a verdict in her favor to only such damages, apart from punitive or exemplary damages as would compensate her for the injury to her premises necessarily resulting from the trespass thereon laid in the declaration. *B. & O. R. R.* v. *Boyd*, 67 Md. 40, 41; *Tome Institute* v. *Crothers*, 87 Md. 589. The testimony of the plaintiff's witnesses touching the conduct of the defendants' agents while in her house would, if the jury believed it, have entitled the plaintiff to punitive damages, but she asked for and received the benefit of a special instruction to the jury on that subject in her second prayer.

The plaintiff's second prayer was correct in authorizing the jury to award punitive or exemplary damages if they found from the evidence that the defendants agents when unlawfully in the plaintiff's dwelling conducted themselves in the manner mentioned, but the prayer was defective in leaving it to the jury to determine whether the presence of the agents in the plaintiff's dwelling was unlawful, without giving any instruction as to what facts mentioned in the evidence would if found by the jury constitute an unlawful presence.

The plaintiff's third, fourth and sixth prayers were properly granted as there was no evidence that Jennie Cook had ever resided or had any furniture in the plaintiff's house.

The defendants' first, second, third, fourth, sixth, seventh and ninth prayers are defective and were properly rejected be-

cause they do not require the jury to find either that Jennie Cook resided in the plaintiff's house at the time of the alleged trespass, or that the furniture or some portion of it mentioned in the writ of replevin was then in the house, or that the entry into the house was made with the permission of the plaintiff. Every unauthorized entry upon the property of another is a trespass which entitles the owner to a verdict for some damages. *B. & O. R. R.* v. *Boyd, supra.* Furthermore the law ·especially protects one's dwelling-house from invasion or disturbance. *Kelley* v. *Schuyler,* 44 L. R. A. 436–7; s. c., 20 R. I. 432.

If one publicly conducts a store or other business in his dwelling-house he thereby extends to the public an invitation and license to enter for the purposes connected with that business the apartments devoted thereto. The appellee conducted in the premises in question in this case a lodging or furnished-room house and may have thereby to some extent opened her doors to persons seeking rooms or lodgings, but it is not pretended that the defendants' agents entered the premises for ·any such purpose.

An officer armed with a civil writ such as a replevin may peaceably enter upon the defendants' dwelling through an open door to make service of his writ and it has even been held that where the defendant has removed the goods to the house of a stranger with the consent of the latter in order to prevent the execution of the writ, the officer may after demanding and being refused admittance break the premises of such third person and take the goods. *Poe's Practice,* sec. 429; *Kelley* v. *Schuyler, supra,* in which there is a full review of the cases on this subject. If, however, the officer with the writ enter the house of a stranger in which the goods for which the writ was issued are not located or remain in such house when directed by its occupant to leave he will be a trespasser and the writ will afford him no protection. Even if the defendants' agents in the case at bar entered the plaintiff's house with her permission and then forcibly, or against her will and protest, went up-stairs through the passages and

chambers of the house their conduct would not only have amounted to a trespass but would have constituted them trespassers *ab initio.* *Walsh* v. *Taylor,* 39 Md. 599.

The defendants' third and fourth prayers were also defective in leaving it to the jury to find whether the "writ of replevin *was duly and properly executed*" without informing them what would constitute a due and proper execution of the writ.

The defendants' fifth and eleventh prayers which in effect asked for an instruction that the plaintiff was entitled only to nominal damages, because no substantial injury had been done to her house, and their eighth prayer, which asserted that she could not recover for any injury to her person were calculated to mislead the jury because they ignored the liability of the defendants to punitive or exemplary damages if the jury found the facts stated in the plaintiff's second prayer. Their ninth prayer is defective for the same reason.

Their tenth prayer is defective in instructing the jury that the defendants were not liable for punitive damages unless their agents when in the plaintiff's house acted recklessly and *in disregard of her rights*, without in any manner defining her rights.

The defendants' twelfth prayer which sought to confine the defendants' liability to the first one of the two entries upon the plaintiff's premises testified to by the witnesses was erroneous because in actions of trespass *q. c. f.* recovery may be had under a single allegation of trespass for several entries made of the same close upon the same day for a like general purpose. 2 *Waterman on Trespass,* p. 454; 21 *Ency. of Pleading and Practice,* p. 812.

The judgment appealed from must be reversed for the error of the Court below in dealing with the demurrer and with the plaintiff's prayers, but as the case was in fact instituted in the proper jurisdiction and the record shows that the plaintiff may have a good cause of action upon a proper amendment of her declaration the case will be remanded to afford her an opportunity of making such amendment if she desires to do so.

*Judgment reversed and new trial awarded.*