MATHER B. ALMON et al., Respondents, *v.* JAMES G. HAMILTON et al., Appellants.

Plaintiff held a claim against a firm, in which B. was a partner, upon which this suit was pending, and also an individual claim against B. The latter having become insolvent, proposed to his creditors to transfer all his property to trustees, to be divided among his creditors if those holding claims to the amount of three-fourths of his indebtedness would assent and join in a release. Plaintiffs, on being applied to to assent to the compromise and sign the composition deed, refused, on the ground that they would thereby release the firm. Upon being assured by B. that he was only a special partner, plaintiffs consented to transfer the individual claim to R., with the understanding that he should execute the deed and release as creditor, holding any dividends

received in trust for them. B., by the partnership agreement, was a special partner, but, by reason of irregularity in the proceedings, he had incurred the liability of general partner, which fact he knew at the time, but did not disclose to plaintiffs. The proposed compromise agreement was carried out. *Held,* that the case did not fall within the rule prohibiting a creditor, who is a party to a composition deed, or who assents thereto, from reserving a portion of his claim from the operation of the compromise, or stipulating for a secret advantage over the other creditors ; and that the compromise agreement was no defense and did not discharge B.

(Argued October 26, 1885 ; decided November 24, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made June 15, 1883, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on a trial without a jury.

This action was upon three bills of exchange payable to the order of plaintiff's firm, drawn upon the firm of Hamilton, Nephew & Co., of which firm defendants were the individual members, and accepted by that firm.

The defendants set up by supplemental answer in substance that after the commencement of the action the defendant Black proposed to his creditors that if a majority of their number, representing at least three-fourths of the claims against him of $100 and upward, would assent and would release him from their claims respectively, he would convey his property to trustees, the avails thereof to be proportionally applied in payment of the claims of the creditors so releasing ; that plaintiffs held a note against Black, as well as the acceptances in suit, and to induce his other creditors to accept his proposition and to procure for themselves an advantage, they represented that they would accept the proposition and enter into the arrangement ; that in fulfillment of the arrangement, and the requisite number of creditors having signed the compromise agreement and release, Black transferred his property to trustees; that in violation of their agreement and of the rights of other creditors, plaintiffs procured one Ritchie to execute the agreement, ostensibly as owner of the note, but in

fact as agent of plaintiffs, with the intent to bring the note within the compromise and obtain the benefits thereof, so far as said note was concerned, but withhold the claims in suit, etc.

The contention was simply as to such defense; the facts pertinent thereto are stated in the opinion.

*William J. Hardy* for appellants. The one who controls or has a right to deal with the debt is the creditor. (*In re Petrie*, L. R., 3 Ch. 232.) Where creditors enter into an arrangement with a debtor whereby they accept a portion of their respective claims in satisfaction, and agree to forbear as to the balance, then the several creditors are required to act with the utmost good faith toward each other, to bring into the arrangement all the claims they have against the debtor, and not to withhold any claim with a view of afterward maintaining an action upon it, or otherwise procuring for themselves a benefit not equally enjoyed by their fellow creditors. (*Russell* v. *Rogers*, 10 Wend. 475; *Van Brunt* v. *Van Brunt*, 3 Edw. Ch. 14; *Holmes* v. *Viner*, 1 Esp. 131; L. R., 15 Ch. 502; *Britton* v. *Hughes*, id. 488; *Knight* v. *Hunt*, 3 id. 310; *Bissett* v. *Burgess*, 23 Beav. 278; *Chemical Bk.* v. *Kohner*, 85 N. Y. 189; *Gilmour* v. *Thompson*, 6 Daly, 95; *Smith* v. *Salomon*, 7 id. 216; *Fowler* v. *Perrin*, 16 Up. Can. Com. Pleas, 258; Story's Eq. Jur., § 379; *Holmes* v. *Miner*, 1 Esp. 131; *Fawcett* v. *Gee*, 3 Anstr. 914; *Ex parte Sadler*, 15 Ves. 58.) If a creditor, by undertaking to discharge a debtor, induces any other creditor to accept a composition, he cannot afterward enforce his claim. (*Wood* v. *Roberts*, 2 Stark. 417; *Fawcett* v. *Gee*, 3 Anstr. 914; *Margettson* v. *Aitkin*, 3 C. & P. 338; *Britton* v. *Hughes*, 5 Bing. 460; *Forbes* v. *Limond*, 4 De G., M. & G. 315; *Ex parte Sadler*, 15 Ves. 56; *Jolly* v. *Wallace*, 3 Esp. 228; *Kitchin* v. *Hawkins*, 12 Jur. [N. S.] 928; *Butler* v. *Rhodes*, 1 Esp. 236; *Cheeseborough* v. *Wright*, 28 Beav. 283; *Re Baber's Trust*, 40 L. J. Ch. 144; *Field* v. *Donoughmore*, 1 Drury & W. 228; 2 id. 630; *Spottiswood*

*v. Stockdale,* Coop. 102.) The liability of the principal depends upon the act done, and not merely upon the form in which it is executed. (Story, 152, 270, 450; *Sherman v. Smith,* 42 How. 198; *Ford* v. *Williams,* 21 How. [U. S.] 287; *Rose* v. *U. S. Tel. Co.,* 24 How. 311; *Trueman* v. *Loder,* 11 A. & E. 594; *Coleman* v. *Bk. of Elmira,* 53 N. Y. 392; *Rinz* v. *Norton,* 4 Cal. 358; *Mech. Bk.* v. *Bk. of Columbia,* 5 Wheat. 337; *Hulbert* v. *Border,* 6 Whart. 92; *Evans* v. *Wells,* 22 Wend. 335; *Hawley* v. *Beverly,* 6 Scott N. R. 837.) It is no answer that the defendant is in the wrong; it is not a case of *par delicto,* nor one in which the mere individual rights of the parties to the action are alone to be considered. (*Cecil* v. *Plaistow,* 1 Anstr. 202; *Lewis* v. *Jones,* 6 Dowl & Ryl. 567; *Mawson* v. *Stock,* 6 Ves. Jr. 309; *Jackman* v. *Mitchell,* 13 id. 581; *Hatch* v. *Hatch,* 9 Ves. 292; Story's Eq. Jur., § 379; *Alsager* v. *Spaulding,* 4 Bing. N. C. 407; *Cockshott* v. *Bennett,* 2 T. R. 763; *Stock* v. *Mawson,* 1 B. & P. 286; *Smith* v. *Bromley,* Doug. 696, n. 3; *Turner* v. *Hoole,* Dowl. & Ryl. N. P. C. 27; *Horton* v. *Riley,* 11 M. & W. 492; *Smith* v. *Cuff,* 6 M. & S. 160; *Cullingworth* v. *Loyd,* 2 Beav 385; Story's Eq. Jur., § 379.) The terms of the deed being plain and particular, the parties to it cannot invoke the statute either in aid or in derogation of their covenants. (*Fowler* v. *Perrin,* 16 Up. Can. Com. Pl. 258; *Kitchin* v. *Hawkins,* 12 Jur. [N. S.] 928.)

*John B. Whiting* for respondents. The ground on which it is a fraud for one creditor to prove part of his claim under the composition and release, and hold part as a distinct claim against the debtor, is either because he has made a prior agreement with his fellow creditors to sign the release and accept the composition as a compromise in full, or because by his name appearing on the release he is regarded as holding himself out to others as having accepted the proposition. (*Russell* v. *Rodeŕs,* 15 Wend. 351; *Leicester* v. *Rose,* 4 East, 372; Story's Eq. Jur., § 379.) A release will not be held to include claims not intended to be covered by it. (*Post* v. *Ætna Ins.*

*Co.*, 43 Barb. 351; *Rich* v. *Lord*, 13 Pick. 322; *Lyall* v. *Edwards*, 6 Hurlst. & N. 337.) To release joint debtors by releasing one, there must be a technical release under seal. (*Rogers* v. *Stoddart*, 7 Johns. 208; *Catskill Bk.* v. *Messenger*, 9 Cow. 37; *Matthews* v. *O. Mfg. Co.*, 7 Robt. 711; *Brown* v. *Fitzhugh*, 1 Hill, 185; *Hoffman* v. *Dunlop*, 1 Barb. 185; Code, § 1204.) Even if it were a fact that Ritchie executed the release as agent of the plaintiffs, the acceptances in suit would not have been discharged thereby, and the agency could not be shown by parol. (*Briggs* v. *Partridge*, 64 N. Y. 357; *Shafer* v. *Henkel*, 75 id. 378; *Evans* v. *Wells*, 22 Wend. 335; *Merchants' Bk.* v. *Hayes*, 7 Hun, 530.)

ANDREWS, J. The plaintiffs did not sign the release of January 30, 1879, nor did they enter into any agreement with Black, or his other creditors, to accept a composition upon their demand against Hamilton, Nephew & Co. When Black applied to them to assent to the compromise and sign the composition deed, they refused on the ground that they would thereby release Hamilton, Nephew & Co., on the acceptances. It was not until they were assured by Black that he was a special partner only in the firm of Hamilton, Nephew & Co., and therefore not personally liable on the acceptances, that they consented to transfer to Ritchie the individual note of Black, with the understanding that he should sign the deed and execute the release as creditor, by virtue of such transfer, but under an agreement with the plaintiffs to hold any dividends, received on account of the note, in trust for them. The plaintiffs acted with extreme caution. The suit on the acceptances was then pending. There is not the slightest ground for questioning their good faith, nor is there any reasonable doubt that they relied upon the representation of Black that he was a special partner only in the firm of Hamilton, Nephew & Co. In fact Black by the partnership arrangement was a special partner, but by reason of some irregularity in the proceedings he had incurred the liability of general partner, which fact it is found he knew, but did not disclose to the plaintiffs.

The defendants, for defense to this action, invoked the well-established principle that a creditor who is a party to a composition between a debtor and his creditors, or who assents thereto, is not permitted to make a secret reservation of a part of his claim, from the operation of the compromise, or stipulate for a secret advantage over the other creditors. The law exacts of all the parties to a composition the most scrupulous good faith. It enforces a wholesome morality and inculcates the principles of honest and fair dealing, by defeating any advantage attempted to be gained, either by working upon the necessities of the debtor, or by colluding with him. It will not permit a part of debt withheld from the arrangement, to be enforced, and it will compel the cancellation of securities, received in violation of the principle of equality. (*Russell* v. *Rogers*, 15 Wend. 351; *Leicester* v. *Rose*, 4 East, 372; *Alsager* v. *Spalding*, 4 Bing. N. C. 407; *Horton* v. *Riley*, 11 M. & W. 492.) The doctrine is based upon public policy, and the principles of commercial honor, and we should be very unwilling to weaken it by nice distinctions. But to apply it in this case would make it a cover for fraud. The plaintiffs did not intend to reserve any claim against Black, nor did they stipulate for any secret advantage. They were by his fraud induced to believe that he was not personally liable on the acceptances. This is not found in express terms, but is clearly inferable from the findings made, and will be assumed in support of the judgment. They made no representations to the other creditors. They did not sign the deed, and no oral representations are pretended. The signature of Ritchie was at most a representation that his claim, whatever it was, was released, and the only claim he had was upon the individual note of Black. The other creditors are not here complaining. The defense is made in behalf of Black who is seeking to take advantage of his own fraud, and of his copartners, who were in no way connected with the compromise.

We think the judgment should be affirmed.

All concur.

Judgment affirmed.