### BRADLEY & CURRIER CO., Limited, v. LALLY.

(City Court of New York, General Term. February 8, 1893.)

COMPOSITION WITH CREDITORS—FRAUD OF CREDITOR—ADDITIONAL PAYMENTS.

Where a creditor who has, with other creditors, entered into a composition with a common debtor, whereby they agree to accept a certain per cent. of their respective claims, to be paid in notes, without the knowledge of the other creditors, refuses to sign the composition deed until such debtor has given him a note for a further sum, he can neither recover on the note thus obtained, nor on the notes given under the composition deed; such transaction on his part being a fraud on the other creditors.

Appeal from trial term.

Action by the Bradley & Currier Company, Limited, against James J. Lally, to recover on notes executed by defendant to plaintiff. From a judgment for defendant, plaintiff appeals. Reversed.

Agued before VAN WYCK and FITZSIMONS, JJ.

Theodore H. Friend, for appellant.
George F. Alexander, for respondent.

FITZSIMONS, J. The defendant, a builder, in January, 1891, being insolvent, entered into a composition deed with plaintiff and his other creditors whereby they agreed to accept from him 25 per cent. of their respective claims, to be paid by his promissory notes, at stated periods, and released him from the balance of their respective claims. The defendant was indebted to plaintiff in the sum of $2,109.11 at the time plaintiff signed the composition deed,—January 14, 1891. It received from defendant, in addition to the notes provided for in the

composition deed, a note for $500. So that plaintiff received notes representing 25 per cent. of its claim against defendant, in accordance with and by virtue of the composition deed, and in addition thereto a note for $500, not within said deed, and which increased the per cent. received by him in notes to 48 per cent. of his claim. The giving of the latter note was not known or consented to by the other creditors of defendant. The notes given under the composition deed were three in number, each one being for $175.76. One was paid. This action is brought to recover upon the other two notes and the $500 note above mentioned. Judgment was directed by the learned trial justice for plaintiff, for the full amount claimed, with interest,—$903.10.

The defendant, at the trial, testified that plaintiff refused to sign the composition deed unless the note for $500 was first given, which was done. The plaintiff's officers testified that defendant volunteered to give said note. One of them testified that the note was executed and delivered just before the composition deed was signed by plaintiff. Another officer said that it occurred just after the signing. But, as I view the rule of law applicable to this case, it is entirely immaterial which statement is the true one. The testimony of both plaintiff and defendant is to the effect that plaintiff would not sign the composition deed unless it received, in addition to the compromise sum accepted by defendant's creditors, and fixed in the deed, the $500 note in suit; thereby receiving a money benefit and advantage not accorded to or received by the balance of defendant's creditors, and which was not known to them. The dealings of plaintiff, as above stated, were unconscionable, and the law stamps such acts as fraudulent. In composite transactions, a creditor who is party thereto is not permitted to make a secret reservation of part of his claim from the operation of the compromise or stipulation, for a secret advantage over the other creditors. The law exacts from all parties to a compromise the most scrupulous good faith. It enforces a wholesome morality, and inculcates the principles of honest and fair dealing, by defeating any advantage attempted to be gained either by working upon the necessities of the debtor, or by colluding with him. Almon v. Hamilton, 100 N. Y. 532, 3 N. E. Rep. 580. In this case the plaintiff worked upon defendant's necessities. It was one of his largest creditors. It signed the deed after several other creditors had signed, and no doubt refused to do so unless the $500 note was first given. Such a transaction was undoubtedly fraudulent, and affected, permeated, and vitiated the whole transaction, and all things done thereunder, so that not alone is the note for $500 not valid and enforceable against defendant, but, because of the fraud related, the other two notes given under the composition deed and unpaid, for $175.76, each are tainted and corrupted by the fraud, and are also fraud. Bank v. Blake, (Sup.) 20 N. Y. Supp. 780. So that the trial justice erred when he directed a verdict for the plaintiff. Upon the testimony herein, it was his duty to have directed a verdict for the defendant. It being apparent, even from plaintiff's testimony, that it cannot hope to recover a judgment herein, a new trial would be useless. The judgment appealed from is vacated, and judgment absolute for defendant, ordered with costs.