UNITED STATES, USE OF JAMES C. LANHAM AND CALBREITH B. LANHAM, trading as JAMES C. LANHAM AND BROTHER *vs.* JOHN JACOBY, JOSEPH L. CARPENTER, JR.. AND JOHN.P. ALLMOND.

*Debt on Bond—Demurrer—Pleading—Argumentative—Conclusion of Law—Plea of Former Recovery—General Replication.*

1. Certain pleas demurred to on the ground that they were argumentative and stated conclusions of law ; *held* good.

2. A general replication to a plea of former recovery, *held* on demurrer to be good.

(*June 5, 1905.*)

LORE, C. J. and GRUBB and PENNEWILL, J. J., sitting.

*T. Bayard Heisel* and *Alexander B. Cooper* for plaintiffs.

*J. Harvey Whiteman* and *William C. Prentiss*, (of the Washington, D. C., bar) for defendants.

Superior Court, New Castle County, May Term, 1905.

This was an action of debt on a bond guaranteeing the construction of certain sewers in the city of Washington, D. C., and payment for the labor and materials supplied in the prosecution of the work; being Number 43 to the November Term, 1901.

The principal in the bond having died, suit was brought against the surviving sureties, Joseph L. Carpenter, Jr. and John P. Allmond.*

The fifth plea of the defendants was as follows:

" 5.   And the said defendants, with leave of the Court here, according to the form of the statute in such case made and provided, come and further defend the wrong and injury, when, etc., and for plea saith, that they ought not to be charged in the said action of debt by virtue of the said writing obligatory sued upon, in so far as the plaintiff's alleged breach of the covenants in the said condition of the said writing obligatory relates to the said John Jacoby not properly making payment to the said James C. Lanham and Calbreith B. Lanham, trading as James C. Lanham and Brother, the parties for whose benefit this suit is brought, for the posts, lumber and gravel alleged in the said declaration to have been supplied in the prosecution of the work of constructing and keeping in repair the said sewers and accessories in the said declaration mentioned, because they say that the said posts, lumber and gravel are not 'materials' supplied to the said John Jacoby in the prosecution of the work of constructing and keeping in repair the said sewers, within the intent and meaning of the said Act of Congress, the said instrument of writing and the said writing obligatory given under the provisions of the Act of Congress aforesaid, and this the said defendants are ready to verify.   Wherefore they pray judg-

*See report of me cases in *4 Pennewill, 487.*

ment, if the said plaintiff ought to have and maintain its aforesaid action against them."

(The sixth plea was identical with the above, except in its conclusion, which was as follows): "because they say that the said posts and lumber are not 'materials' supplied to the said John Jacoby in the prosecution of the work of constructing and keeping in repair the said sewers and accessories, within the intent and meaning of the said Act of Congress, the said instrument of writing and the said writing obligatory given under the provisions of the Act of Congress aforesaid, but are implements, or equipment used by the said James C. Lanham and Calbreith B. Lanham, trading as James C. Lanham and Brother, in the fulfillment of a certain agreement entered into under the hands and seals of the said John Jacoby, party of the first part, and the said James C. Lanham and Calbreith B. Lanham, parties doing business under the firm name of James C. Lanham and Brother, said agreement bearing date the twenty-seventh day of November, A. D. 1900, and this the said defendants are ready to verify," etc.

Counsel for defendants demurred to the above stated pleas, on the ground that they were argumentative and stated conclusions of law.

After hearing argument, the Court overruled the demurrer and sustained the pleas; and at the election of plaintiffs' counsel judgment of *respondeat ouster* was entered.

Defendants *tenth* plea set out a former recovery as a bar to the plaintiff's action.

To said *tenth* plea the plaintiffs filed the following replication:

" And the said plaintiffs as to the said plea of the said defendants by them tenthly above pleaded, saith that the said plaintiffs by reason of anything by the said defendants in that plea alleged, ought not to be barred from having and maintaining their aforesaid action thereof against said defendants because they saith that the said Supreme Court of the District of Columbia before whom the said judgment is alleged by said plea to have been recovered was not at the time thereof a Court of competent jurisdiction to hear and

LANHAM AND BRO. vs. JACOBY ET AL.     579

DEMURRER—ARGUMENT.

determine the matters of controversy in said cause; nor were the parties to said suit in which said judgment is so alleged to have been rendered the same identical parties as those in this suit; nor were said causes of action in the declaration in this suit mentioned and set forth, nor any of them, or either of them, any of, or any part of the same identical causes of action as those or any of those in the said plea mentioned and for and in respect whereof the said supposed judgment in the said plea mentioned was recovered in manner and form as the said defendants have above in their said plea alleged, and this the said plaintiffs pray may be enquired of by the country, etc.

Defendants' counsel filed a special demurrer to the above replication, the causes stated therein being as follows:

" a.    For that the said plaintiffs have not in or by their said replication taken or tendered any single or material issue out of or upon the said plea of the said defendants by them last above pleaded in bar, but have attempted to put in issue each and every of the elements of the defendants' tenth plea.

" b.    In that the said replication is double and confused in attempting to put in issue several and distinct matters.

" c.    In that a general replication is inapplicable to a plea which contains more than one material allegation.

"d.    In that a general replication is not a proper or permissible replication to the defendants' tenth plea."

*Mr. Whiteman:*—The defendants' tenth plea sets out a former recovery as a bar to the plaintiffs' action, and is therefore a plea of *res judicata.*   In order that such a plea may be a bar to the action, it must contain the following necessary allegations, to wit:

1.    That the former suit was for the same cause of action.

2.    That it was between the same parties.

3.    That the judgment was rendered on the merits of the case.

4.    That the Court rendering said judgment was a Court of competent jurisdiction to hear and determine the matters of controversy between the parties.

*9 Ency. Pl. and Pr., 619.*

It will be seen, therefore, that this plea must contain four distinct and material points. An inspection of the said plea will disclose each of the foregoing averments. To this plea the plain-tiffs have replied with a general traverse to the whole plea. It is respectfully submitted that this replication is bad because of duplicity.

It is laid down in *Chitty on Pleading, Vol. 1, 605,* that, " it is the first object of pleading to bring the point in dispute between the parties, at as early a stage of the cause as possible, to an issue or point which is not multifarious, and therefore the issue must in general be single."

In the early stages of the system of common law pleading, a defendant could plead but one plea in defence of the action. This, therefore, obliged the defendant to select his strongest defence and one upon which he could most safely rely, and stand upon that one plea as his defence ; and this continued the practice until the statute of *Fourth Ann, c. 16, s. 4,* which allowed more than one plea to be pleaded, but this privilege did not extend in the stage of the pleadings to the replication or subsequent pleadings.

*Steven on Pleading (Tyler Ed.), 265.*

Consequently the replication cannot be employed to produce a multiplicity of issues. Inasmuch as a failure on the part of the defendants to prove any one of the aforesaid essential averments to the sufficiency of a plea of *res judicata* would defeat this defence, it therefore devolves upon the plaintiffs, in order to preserve the rule against duplicity to select one of said averments and traverse it to the exclusion of the other.

*Russell vs. Rogers, 15 Wend., 351 (357) ; Gould vs. Ray, 13 Wend., 613 ; Gould's Pleading, page 377, Secs. 49 and 50 ; 1 Chitty on Pleading, 649 ; Steven on Pleading (Tyler Ed.), 237, 244, 245 and 246 ; Cockriell vs. Armstrong, et al., Willes' Report, 99 ; Bonzi vs. Stewart, 7 Manning and Granger, 746 ; De Wolf vs. Bevan et al., 13 M. & W., 160 ; Lytle vs. Lea, et al., 5 Johns, 112 ; Plum vs. McCrea, et al., 12 Johns., 491 ; Chitty's Forms in Pleading, Volume 3, pp. 1157 and 1158 ; 1 Chitty's Pleading (13 Am. Ed.,) 649—*

*Note ; Perry's Common Law Pleading, 310, 311 and 312 ; Robinson vs. Raley, 1 Burr., 316 ; Cooper vs. Monke, Willes' Reports, 52.*

Upon the general doctrine that a general replication is bad where the defendant insists on a right as justification and is good only where he pleads matter of excuse, see the following cases :

*Corbin vs. Hopkins, 4 Wend., 577 ; Griswold vs. Sedgewick, 1 Wend., 126 ; Brown vs. Bennett, 5 Cowen, 181 ; Crogate's case, 8 Coke, 132; Cooper vs. Monk, Willes' Report, 52 ; Russell vs. Rogers, 15 Wend., 351 ; Gould vs. Ray 13 Wend., 633 ; Plum vs. McCrea, 12 Johns., 491 ; Lytle vs. Lea, 5 Johns., 112.*

In the specification of causes of demurrer to the plaintiffs' general replication, the defendants state :

(c)  In that a general replication is inadmissible to a plea which contains more than one material allegation.

(d)  In that a general replication is not a proper or permissible replication to defendants' tenth plea.

In support of this contention, *1 Chitty on Pleading, 592*, says : " If a former recovery for the same debt, or a plea to set-off on a recognizance of record, be pleaded, the replication was to be *nul tiel* record ; and to a plea of judgment recovered, the plaintiff might *New Assign* that his action was for a breach of different promises." (See same authority at page 636.)

From the very nature of the plea *res judicata*, it seems clear, aside from the authorities cited, that a single traverse is necessary, and it is worthy of note that no precedent for accumulative traverse in such case can be found.   Inasmuch as the record is set forth at large in the defendants' tenth plea, and that said record is not disputed by the replication *nul tiel* record, it is insistently urged that the question as to whether the causes of action in the declaration mentioned and in the plea set forth are indentical, or rather, that the plaintiff is precluded by the former action, is purely a question of law to be determined by inspection of the record, and therefore is not a proper subject of traverse by a general replication concluding to the country.

In the following cases a former recovery was pleaded and in

each case the traverse was single, and denied but one material allegation, thereby producing but single issue:

Calvert vs. Gordon, 14 E. C. L., 135, Bagot vs. Williams, 10 E. C. L., 115; Seddon vs. Tutop, 6 T. R., 607.

It therefore seems clear, upon the authorities, that the replication should be nul tiel record when it is desired to deny the record, and when this is not the case and the purpose is to defeat the plea of former recovery by contesting the plea as a bar to the action, the plaintiff is obliged to select whichever of the material allegations he may please and traverse it.

### BRIEF OF PLAINTIFFS' COUNSEL AGAINST DEFENDANTS' DEMURRER.

FACTS: John Jacoby had entered into a contract with the District of Columbia to construct certain sewers in the city of Washington. Under the statute of the United States he was required to enter into a bond with surety for the performance of his contract for $170,000. Among other conditions in the bond, was this; that he should "promptly make payments to all persons supplying him labor and materials in the prosecution of the work provided for in such contracts." He gave as securities upon this bond Joseph L. Carpenter, Jr., and John P. Allmond, the defendants in this cause; this action being an action of debt upon that bond for the price of labor and materials furnished Jacoby by the plaintiff and still unpaid. Jacoby could not do the work himself; he therefore entered into a distinct and separate contract with the plaintiff to do it for him at said rates. In this contract there were covenants to be performed by Jacoby also, to wit: To furnish the plaintiffs with certain engines, lagging, etc. Mr. Jacoby failed to perform this part of his contract, and a suit was brought against him by the plaintiffs upon the contract for unliquidated damages, solely. There was no claim for the moneys due plaintiffs for the construction of the sewers; plaintiffs' surety for that being on the bond sued upon in this case. The Court at Washington held in that action no evidence could be given as to Jacoby's indebtedness to Lanham and Brother

on account of the labor and materials supplied in building the tunnel. The record shows this conclusively. Lanham and Brother recovered one cent in that action; and the record of that action they now plead as a former recovery in bar to this suit, which plea the plaintiffs traversed in its entirety. The question therefore is, Is that a good replication, or is it bad from duplicity?

LAW: It has been the practice of this State to traverse generally a plea of former recovery if specially pleaded.

*Stevens vs. Gray, 2 Harr., 347; Hollis vs. Morris, 2 Harr., 128; Poor vs. Daniel, 5 Houst., 394; Cann vs. Warner, 1 Houst., 189; Worknot vs. Miller, 1 Harr., 139.*

We thus answer the challenge of the defendants' counsel to produce a case where the plea of former recovery had been traversed, and also a case other than one of tort.

The rule of pleading which permits this traverse has been recognized and well settled for at least two centuries. It grows out of the reason that the facts which go to make up the single plea are inseparable. If there were independent facts, each when denied making a complete and full issue under the plea, we should have to select one of them, otherwise the replication would be bad for duplicity.

The defendants have not shown a single authority to the contrary. Their argument has simply been one to sustain the rule of singleness of issue.

They have not met the real question, except in their citation of Crogate's case. They also state that the rule adopted by Lord Mansfield in *Robinson vs. Raley, 1 Burrows, 316,* is bad law and has only been upheld since by Courts and text writers out of their respect for Lord Mansfield. They cite no authority to sustain any such proposition, and they give no reason why Lord Mansfield himself, if living, should apologize for the rule laid down.

The rule has been supported out of the respect its upholders had had for its good and sound reason.

*Rule.*—" No matters, however multifarious, will operate to

make a pleading double, that together constitute but one connected proposition or entire point."

The entire point here is former recovery. And the three facts together constitute the one proposition. The three facts are indivisible and constitute the one point. The plea of former recovery, to be good, must, *first*, have been before a Court of competent jurisdiction. *Second*, suit between same parties. *Third*, same identical cause of action. If this is not so in law, then the plea is bad for the very same reason, and judgment must be for the plaintiffs, because upon demurrer the Court will go back through the entire record and will decide the case against the persons first in fault, which are in this case, the defendants.

*Stevens Pleading, 262 ; 1 Chitty on Pleading, 524, 555, 561, 578, 579, 580, 604, 605, 636, 614 and 650 ; 3 Chitty's Pleading, 1213, Note A,—929, Note A ; Crogate's case, 8 Coke, 66 ; or 19 Law Library, top 42.*

This case recognizes the rule, but the facts in that case were independent and the rule was held not to apply.

*Robinson vs. Raley, 1 Burrows, 316 ; O'Brien vs. Saxton, 2 B. & C., 268 ; Seddon vs. Tutop, 3 Durenford and East, 275 ; Selby vs. Bardon, 3 D. and Adol., 2 ; Strong vs. Smith, 3 Caines, 160.*

*Hardship on the plaintiffs.*—Suppose the identity of persons only was traversed, and the record shows they were the same persons but different causes of action ; would the Court give judgment for defendants when the law is uncontradicted that to sustain their plea there must be proof of each of the three dependent facts.

We cannot demur and thereby admit the facts as alleged in the plea.

We cannot plead *nul tiel* record and thereby deprive ourselves of our constitutional rights of trial by jury.

This very matter as to identity of persons and causes of action m ay require oral testimony, which the law permits.

*1 Herman on Estoppel, 234.*

We submit, in the language of Lord Mansfield, that this demurrer is frivolous, that the three facts only make a single issue

LANHAM AND BRO. vs. JACOBY, ET AL. 585

OPINION.

within the principles of pleading and that the demurrer in this case should be overruled.

GRUBB, J.:—The Court have considered the arguments of the respective counsel upon the demurrer to the plaintiffs' replication to the defendants' tenth plea in this case, and we are unanimously of the opinion that the replication is good and sufficient in law, and we consider that this view of the Court is sustained by the weight of established authority. The Court therefore overrule the defendants' demurrer, and at the election of defendants' counsel we order that judgment of *respondeat ouster* be entered.

Demurrer overruled.