### JACOBS et al. v. SIFF et al.

(Supreme Court, Appellate Term. November 10, 1911.)

BANKRUPTCY (§ 376*)—COMPOSITION AGREEMENTS—VALIDITY—PREFERENCE.

An agreement by a trustee in bankruptcy that the trustee would guarantee a certain dividend to a creditor, in order to induce the creditor to enter the composition agreement, did not invalidate the composition, but was void as against public policy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 376.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Jacobs and another against Ephriam Siff and another. Judgment for plaintiffs, and defendant Siff appeals. Reversed, and complaint dismissed.

Argued before SEABURY, GUY, and COHALAN, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Joseph Sapinsky (Alvin T. Sapinsky, of counsel), for appellant.
Isidore Weckstein, for respondents.

SEABURY, J. This action was originally brought against Ephriam Siff and Jacob A. Cohen, but was discontinued against Cohen. The cause of action which the plaintiffs seek to establish is based upon the alleged promise of the defendant Siff to pay the plaintiff $392.19. The facts are undisputed, and are as follows: The plaintiffs sold furs valued at $814.35 to one Velleman. On December 3, 1910, a petition in bankruptcy had been filed against Velleman. The creditors of Velleman signed a composition agreement, in which they severally agreed to accept 35 per cent. of their respective claims in full payment of their claims against Velleman, and consenting that the estate of Velleman should be delivered by the bankruptcy court to the defendant Siff, "who shall hold the same and continue to conduct the business as trustee for the benefit of the creditors until said 35 per cent. in cash shall have been paid."

The plaintiff Jacobs testified that the defendant requested him to sign the composition agreement. His claim as to the promise of the defendant is revealed in the following extract from the minutes of the trial:

"Q. What did he say? A. He said to me, 'Why don't you sign it?' I said, 'I will not sign, unless the man shall go through bankruptcy.' Q. Unless the man goes through bankruptcy? A. Yes; so Mr. Siff says to me, 'Well, you better sign it, and I will guarantee the 35 per cent. because I will take over that place, and you will be sure to get it.' I said, 'How is that? They say they have offered 40 per cent. already.' He said: 'The 40 per cent. you ain't sure of, but with the 35 per cent. you are sure, because you know my firm, and I will pay you the 35 per cent.' So I signed it."

No evidence was offered by the defendant, and the trial court directed a verdict for the plaintiff. In making this direction, and in denying the defendant's motion to dismiss the complaint the learned trial court fell into error. If we consider the testimony in the light most favorable to the plaintiffs, and assume, without deciding, that it shows an original promise on the part of the defendant, who was the trustee under the composition agreement signed by the creditors of Velleman, to be personally responsible to the plaintiffs for the payment of a sum of money equal to 35 per cent. of the amount of Velleman's indebtedness to them, it is clear that the plaintiffs failed to establish a cause of action. There is nothing in the record to show that this understanding between the plaintiffs and the defendant was made known to the other creditors who were parties to the composition agreement. It was, therefore, a secret preference to the plaintiff. Under it the plaintiffs were not to be left in the same position as all the other creditors of Velleman, but the trustee under the composition agreement, was to become individually liable to them for 35 per cent. of their claim against Velleman.

Such an agreement does not render void the composition agreement, but is a separate and independent agreement, and is void as against public policy. In the case of Hanover Nat. Bank v. Blake, 142 N. Y. 404, 37 N. E. 519, 27 L. R. A. 33, 40 Am. St. Rep. 607, Judge Gray

reviews the authorities upon this subject, and declares the rule and the reason upon which it rests in the following language:

"The general principle has been long settled in England and here that a secret agreement, which induced a creditor to agree to a composition by the promise of a preference, or of some undue advantage, over the other creditors, is utterly repugnant to the composition agreement, and, from its fraudulent nature, is avoided by the law. The very essence of a composition agreement is that all creditors come in upon terms of equality; and that equality would be destroyed, if the secret agreement were given effect."

If the agreement for a preference is between the debtor and creditor, it is a fraud upon the other creditors of the debtor, and is void; and "this rule," says Spencer, J., in Glens Falls Nat. Bank v. Van Nostrand, 41 Misc. Rep. 526, 85 N. Y. Supp. 50, affirmed, 103 App. Div. 598, 92 N. Y. Supp. 1125, "has also been applied where the consideration for the preference has been furnished by third parties, either with or without the knowledge and concurrence of the debtor."

The respondents in the court below and upon this appeal urge that the present case does not fall within the condemnation of the rule enunciated by the cases cited above, because the plaintiffs merely forbore to insist upon their legal remedies against Velleman, and the learned trial court refused to dismiss the complaint because of this alleged distinction. We think that the supposed distinction is imaginary rather than real. In every case where a creditor enters into a composition agreement and stipulates to take less than the full amount of his claim, he forbears to press his legal remedies against his debtor. The rule condemning such preferences is firmly established, and, as Judge Andrews in Almon v. Hamilton, 100 N. Y. 527, 3 N. E. 580, has well said, "is based upon public policy, and the principles of commercial honor, and we should be very unwilling to weaken it by nice distinctions."

The judgment is reversed, and the complaint dismissed, with costs. All concur.